# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19CR284 |
|---|---|---|
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) | |
| CHRISTOPHER THOMAS, | ) | OPINION AND ORDER |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Defendant Christopher Thomas asks the Court to suppress the firearm seized from him as a result of an improper search. (Doc. 15). Because the officer had probable cause to search the entire vehicle, the Court **DENIES** Defendant's Motion to Suppress.

## I. BACKGROUND FACTS

A Grand Jury indicted Defendant with one count of Felon in Possession of a Firearm and Ammunition, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 1). On September 6, 2019, Defendant moved to suppress the firearm as a result of an unconstitutional search and seizure. (Doc. 15). The Government responded on September 17, 2019. (Doc. 17). On October 28, 2019, the Court held an evidentiary hearing. From that hearing, the following facts came to light.[1]

---

[1] The Parties submitted body camera footage of the night in question as Joint Exhibit 1 that supplemented the testimony at the evidentiary hearing.

On the night of March 26, 2019, Village of Bratenahl Police Officer James Foley initiated a traffic stop of Defendant's vehicle based upon the non-visibility of a license plate.[2] Upon his approach, Officer Foley observed smoke billowing out of the driver side door. Immediately, Officer Foley smelled marijuana. After the initial exchange of identification and paperwork, Officer Foley asked Defendant if he had been smoking marijuana. Defendant admitted he had. Defendant's passenger also admitted the driver smoked marijuana and showed the officer a partially smoked marijuana blunt, which she then returned to the ashtray.

Officer Foley then returned to his police cruiser to wait for backup and to run Defendant's information. Within four minutes, Officer Foley returned and removed Defendant from the vehicle. Defendant and Officer Foley proceeded to speak with each other. During that conversation, Defendant admitted to possessing both marijuana and synthetic marijuana in the vehicle. Defendant specifically stated where the officer could find the marijuana. But Defendant did not tell Officer Foley where to find the synthetic marijuana. The passenger also confirmed Defendant smoked synthetic marijuana.

With both Defendant and the passenger secured in separate police cruisers, Officer Foley began his search of Defendant's vehicle. He started on the passenger side[3] and looked through a purse and other bags. Officer Foley then attempted to open the glove compartment, but found it locked. As his partner searched for the key on the driver side, the partner found a bag of marijuana between the door and driver seat. Eventually, Officer Foley received the correct key and unlocked the glove compartment. Immediately he observed a firearm.

---

[2] Defendant is not contesting the initial stop of his vehicle.

[3] Officer Foley testified he started his search on the driver side of the vehicle. Joint Exhibit 1 however, confirms the officer started his search on the passenger side.

Officer Foley then stopped his search and arrested Defendant. After doing so, Officer Foley resumed the search of the vehicle. He opened the bottom of the center console where he found the synthetic marijuana and a large amount of cash. Law enforcement then seized and secured all the evidence and returned to the police station.

Defendant claims Officer Foley violated his Fourth Amendment rights by searching the glove compartment. The Government disagrees and, in reliance on the automobile exception, claims Officer Foley had probable cause to search the glove compartment for contraband.

## II. LAW AND ANALYSIS

### A. Standard of Review

The Fourth Amendment to the United States Constitution states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV.

Under the automobile exception to the Fourth Amendment, police do not need a warrant to search a vehicle if they have probable cause to believe the vehicle contains contraband. *Carroll v. United States*, 267 U.S. 132, 158-59 (1925); *California v. Acevedo*, 500 U.S. 565, 580 (1991). "[P]robable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates*, 462 U.S. 213, 232 (1983). In the context of the odor of marijuana emanating from a vehicle, the Sixth Circuit has been consistent: the odor of marijuana constitutes probable cause to believe there is marijuana in a vehicle. *United States v. Garza*, 10 F.3d 1241, 1246 (6th Cir. 1993); *United States v. Puckett*, 422 F.3d 340, 343 (6th Cir. 2005) (officer had probable

cause to search vehicle after he smelled and saw marijuana in open view); *United States v. Bailey*, 407 Fed. App'x 27, 28-29 (6th Cir. Jan. 10, 2011) (Sixth Circuit "has held that an officer's detection of the smell of marijuana in an automobile can by itself establish probable cause for a search").

Defendant argues law enforcement exceeded the scope of the search. The Government disagrees. "The scope of a warrantless search of an automobile…is defined by the object of the search and the places in which there is probable cause to believe that it may be found." *United States v. Ross*, 456 U.S. 798, 824 (1982). The *Ross* standard "applies to all searches of containers found in an automobile." *Acevedo*, 500 U.S. at 579. For the following reasons, the Court agrees with the Government.

B.  **Search of Vehicle**

Officer Foley had probable cause to believe the vehicle contained marijuana. This is based on the billowing of smoke he observed as he approached the vehicle; the plain smell of marijuana he noticed as he initially questioned Defendant; Defendant's admission of smoking marijuana; and the passenger's display of the partially burned blunt. The probable cause determination was furthered by Defendant's admission that the car contained both marijuana near the driver-side door and synthetic marijuana in an undisclosed location. During his search, Officer Foley and his partner found the marijuana on the side of the door. The synthetic marijuana remained hidden. Officer Foley had probable cause to believe he would find the object of his search—additional marijuana, including the synthetic marijuana—in the glove compartment. Instead of finding additional marijuana however, Officer Foley uncovered a firearm.

The facts of this case are like those in the Sixth Circuit's unpublished decision in *United States v. Ross*, 300 Fed. App'x 386 (Nov. 12, 2008). Like Officer Foley, law enforcement in *Ross* stopped a vehicle and smelled marijuana during the encounter. *Id.* at 388. Like Defendant, the driver-defendant admitted to possessing marijuana, after which officers removed him from the vehicle. *Id.* Officers, just like Officer Foley, then searched the vehicle, including the glove compartment, where they found additional marijuana and a firearm. *Id.* Finally, just like the Court finds now, the Sixth Circuit found that the officer's smell of marijuana and the defendant's actions of handing over additional contraband established probable cause to search the entire vehicle, including the glove compartment. *Id.* at 390.

Defendant's arguments to the contrary are without merit. First, Defendant contends Officer Foley subjectively thought of Defendant as a "criminal" and made a "conclusory leap" to remove Defendant and search the vehicle to see if there was criminality afoot. Even if this were true, "subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." *Whren v. United States*, 517 U.S. 806, 813 (1996); *see also Heien v. North Carolina*, 574 U.S. 54, 66-67 (2014) ("We do not examine the subjective understanding of the particular officer involved.") Rather, the inquiry is an objective one; "it matters not whether the officer subjectively believed that he had probable cause…" *Scheffler v. Lee*, 752 Fed. App'x 239, 244 (6th Cir. Oct. 5, 2018). Here, as previously discussed, the objective facts indicate that Officer Foley had probable cause to search the vehicle for evidence of marijuana. Further, it is not unreasonable to think that marijuana would be found in the glove compartment.

Defendant also relies on *California v. Acevedo* for the position that officers needed to observe Defendant reach for the glove compartment prior to searching it. *Acevedo* clarified the automobile and container exceptions, applying a single standard of probable cause for containers

in automobiles. *Acevedo*, 500 U.S. at 579. In *Acevedo* then, police had probable cause to believe that a bag Acevedo possessed contained contraband. *Id.* at 580. When the police observed Acevedo place the bag in the trunk of an automobile, police had probable cause to search the trunk and bag for the contraband. *Id.* Importantly, the Supreme Court stated law enforcement would not have had probable cause to search the entire vehicle. *Id.*

The facts here are more akin to *United States v. Ross* and *Carroll v. United States*, the Supreme Court case defense counsel acknowledges spawned the automobile exception. *Acevedo* affirmed both those decisions and reiterated "that closed containers encountered by the police during a warrantless search of a car pursuant to the automobile exception could also be searched." *Acevedo*, 500 U.S. at 572. Here, Officer Foley encountered a closed container—the glove compartment—during a proper search of the vehicle for marijuana. After discovering marijuana scattered throughout the vehicle and knowing that the synthetic marijuana was still hidden, Officer Foley had probable cause to search the closed container as it may have contained additional marijuana. And if law enforcement could tear upholstery in search of illicit contraband as authorized in *Carroll*, *see generally* 267 U.S. 132, Officer Foley certainly was justified to open the glove compartment in search of marijuana.

Accordingly, Defendant's objections are without merit. Officer Foley had probable cause to search the vehicle for marijuana and could search the glove compartment—a closed container where marijuana could be stored—for evidence of the same.

### III. Conclusion

Officer Foley had probable cause to search the glove compartment. He saw smoke; smelled marijuana; observed a marijuana blunt in plain view; and received Defendant's admission to both smoking and possession of marijuana. Officer Foley could then look in

containers within the vehicle where marijuana could be found.  Officer Foley did just that and properly uncovered a firearm in the glove compartment.  Therefore, the Court **DENIES** Defendant's motion.

    **IT IS SO ORDERED.**

                                                         s/Christopher A. Boyko
                                                      **CHRISTOPHER A. BOYKO**
                                                      **United States District Judge**

**Dated: November 1, 2019**